Dear Mr. Temple:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointments to the parish library board. You ask if it is legal and ethical for the parish police jury to appoint its secretary-treasurer to the parish library board, pointing out that the police jury president serves as an ex-officio member. You express concern that this may give the police jury too much control over the library board of control.
R.S. 25:211 gives the police jury power to create by ordinance a public library, and under R.S. 25:214 provides in the ordinance creating a public library, the police jury shall name and appoint not less than five nor more than seven citizens of the parish as a board of control for such public library, with the president of the police jury as ex-officio member.
The duties and power of the board consist of "authority to establish rules and regulations for its own government and that of the library not inconsistent with law; to elect and employ a librarian, and upon the recommendation and approval of the latter, to employ assistant librarians and other employees and fix their salaries and compensation".
This office observed in Atty. Gen. Op. No. 83-766 that a parish library board of control is an agency of the parish whose powers are limited solely to adoption of rules and regulations for the conduct of board meetings, establishment of library hours, circulation and lending policies, acquisition of new books, fines for overdue books, educational programs, and such other internal matters usually associated with the operation of a library, and which can best be handled by the board "as an instrument of and on behalf of the police jury." It was specifically stated that the board is not "a special district" or a "creature of the legislature" but an agency of the parish, and that the governing authority of a parish had general power over the library board of control.
Finding no prohibition under the dual officeholding statute, R.S. 42:63(E), since the membership on the library board of control is unpaid part-time appointment, it must be concluded that it is unquestionably legal for a parish police jury to appoint its secretary-treasurer, a full time employee, to the parish library board of control.
This office will not render an opinion on any ethical considerations, but would refer you to the Ethics Commission for such a determination.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0038f